UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| LEONARD PETER ROLLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-61-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| D. L. STINE, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is pending for consideration of certain post-judgment motions filed by Plaintiff Leonard Peter Rollock. Rollock filed this action on February 10, 2006, claiming multiple violations of his federal rights by the Bureau of Prison ("BOP") in denying him permission to correspond with his son who is located at another BOP institution. On April 12, 2006, after screening the Plaintiff's complaint, this Court dismissed the action, *sua sponte*, for his failure to state a cognizable claim. Judgment was also entered on that date. *See* Record Nos. 6-7.

In his motion to alter or amend the judgment, the Plaintiff urges several reasons, some new and some old, for relief from the BOP's correspondence ban. In essence, he asks the Court to consider the matter again. However, there are only three grounds for a Court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

However, a Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367 (6th Cir. 1998) (citing *FDIC v. World Univ., Inc.,*, 978 F.2d 10, 16 (1st Cir. 1992)). Rule 59 motions must either present newly discovered evidence or identify a clearly-established manifest error of law. *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986). Here, the Plaintiff has presented neither ground for relief. Nothing presented by the Plaintiff persuades the Court that its findings or ultimate judgment were in error or that amendment is necessary to correct a clear error of law or to prevent manifest injustice.

Rollock has also moved the Court "to take Judicial Notice of factual documentation submitted to support the accompanying Motion and its inherent affirmation." [Record No. 10] In support, he attaches two pages from *United States v. Romero*, 54 F.3d 56 (2nd Cir. 1995), *cert. denied*, 517 U.S. 1149 (1996), in which Eugene Romero's convictions for the same offenses as the son's (*i.e.*, procuring murder from prison) were affirmed. Rollock also attaches memoranda showing that in 1997 he was granted permission to continue correspondence with four other prisoners, one of whom was Eugene Romero.

The Plaintiff states that Romero was a co-defendant with him, and also indicates that Romero "is indicted and convicted of the same charges that are at issue with Rollock's son," presumably including procuring murder while incarcerated. And yet the BOP permitted the Plaintiff to correspond with Romero. Perhaps the Plaintiff seeks to state the equal protection claim, which he failed to do in his complaint. However, he should have done so earlier – first in the administrative remedy process and then in his complaint. Otherwise, it is difficult to construe what the Plaintiff seeks through his second motion.

Finally, the Court notes that the Second Circuit's opinion is a matter of public record and the BOP memoranda is a part of this record. Therefore, there is no reason for the Court to take "judicial notice" of these matters as the Plaintiff requests.

## CONCLUSION

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) The Plaintiff's motion for reconsideration [Record No. 9] is **DENIED**.

(2) The Plaintiff's motion for judicial notice [Record No. 10] is **DENIED**.

This 2nd day of May, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge